UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| PATTI DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 2:15-cv-00071 |
| | ) | CHIEF JUDGE CRENSHAW |
| CUMBERLAND CONTAINER CORP., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Patti Davis filed this action against her current employer, Cumberland Container Corporation ("Cumberland Container"), alleging violations of federal and state law arising during the course of her employment. (Doc. No. 26-2.)[1] Before the Court is Cumberland Container's Motion for Summary Judgment. (Doc. No. 19.) For the following reasons, Cumberland Container's Motion is **GRANTED IN PART and DENIED IN PART**.

I. FACTS

In August 1993, Cumberland Container hired Davis to work in the assembly department. (Doc. No. 25 at 1.) It later transferred her to the print room, where Davis prepared documents for operators to use and printed load tags for shipping. (Id.) It is undisputed that Davis has worked forty hours per week since 1993, although it is disputed whether Davis' workload decreased to the point where she could perform her work in twenty-five hours per week by 2013. (Doc. No. 25-1 at 2; Doc. No. 19-1 at 3.)

---

[1] Both parties agree that the Court may use the Amended Complaint as the operative complaint for the purposes of summary judgment even though Plaintiff filed it after Defendant moved for summary judgment. (Doc. No. 26 (responding to summary judgment using the Amended Complaint); Doc. No. 34 at 1 n.1 (agreeing that the Amended Complaint does not affect the pending motion for summary judgment)).

In 2013 and 2014, Cumberland Container had layoffs in all areas of its facility. (Doc. No. 25 at 2.) In 2013, Chris Landers, Davis' General Manager, discussed with Davis the possibility of adding the duty of ordering stock sheets to her existing duties. (Doc. No. 26-3 at 3.) Davis asked if the additional duties would come with a pay raise, to which Landers did not respond. (Id.) Nobody at Cumberland Container discussed adding the ordering of stock sheets to her job responsibilities with Davis again. (Id.)

In 2014, Cumberland Container decided to consolidate the print room job, material ordering responsibilities, and the "rotary dies." (Doc. No. 25 at 4.) On November 12, 2014, Landers informed Davis that he was transferring her to a different position. (Doc. No. 26-3 at 3-4.) Landers stated that he wanted "a man to do the job" because the rotary dies were heavy. (Id.) Davis told Landers that she was capable of "helping lift the dies." (Id. at 4.) Cumberland Container ultimately selected Andrew Miller, a male approximately twenty years younger than Davis, to do the consolidated job. (Doc. No. 25 at 5; Doc. No. 26-3 at 3.)

Cumberland Container transferred Davis to the assembly and labeling department. (Doc. No. 25 at 4.) Davis' pay, benefits, and hours did not change due to her reassignment. (Doc. No. 25 at 5.) It is disputed whether Davis lost overtime pay, as she has produced some evidence to suggest that she lost approximately $4,000 per year in overtime pay. (Doc. No. 25 at 5; Doc. No. 26-3 at 4.) Cumberland Container contends that it transferred Davis to the assembly and labeling department because it was the department that was least likely to send Davis home for lack of work. (Doc. No. 25 at 6.) Davis states that Cumberland Container sent her home during approximately nine days in 2015. (Doc. No. 26-3 at 4.) Davis also contends that her new position is more strenuous than her previous position because it requires her to lift heavy boxes. (Doc. No. 26-3 at 5.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Pennington v. State Farm Mut. Auto. Ins. Co., 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. Van Gorder v. Grand Trunk W. R.R., Inc., 509 F.3d 265, 268 (6th Cir. 2007). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the material issue of fact a proper jury question. Id. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. Rodgers, 344 F.3d at 595.

## III. ANALYSIS

Davis brings three claims against Cumberland Container: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 6101 *et seq.*; and (3) gender discrimination in violation of the Tennessee Human Rights Act ("THRA"), Tennessee Code Annotated § 4-21-101 *et seq.* (Doc. No. 26-2.) Cumberland Container moves for summary judgment on all counts, dismissing the Complaint. (Doc. No. 19.)

A. FEDERAL CLAIMS

Cumberland Container moves for summary judgment on Davis' gender and age discrimination claims because it claims Davis has not provided any facts that she suffered an adverse employment action. (Doc. No. 20 at 10.) If Davis did suffer an adverse employment action, Cumberland Container argues that its legitimate, nondiscriminatory reason for transferring her was not pretext for gender or age discrimination. (Doc. No. 20 at 13.) Davis argues that she lost overtime pay in her new position, and there is evidence that Cumberland Container's legitimate, nondiscriminatory reason is pretextual. (Doc. No. 26 at 7-11.)

As Davis does not contend that there is direct evidence to support her gender and age discrimination claims, the Court analyzes both claims under the familiar burden-shifting test, first recognized in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973). Grosjean v. First Energy Corp., 349 F.3d 332, 335 (6th Cir. 2003) (citing Policastro v. Nw. Airlines, Inc., 297 F.3d 535, 538 (6th Cir. 2002)). Under this test, the plaintiff has the burden of proving a prima facie case of discrimination. Id. (citing Kline v. Tenn. Valley Auth., 128 F.3d 337, 342 (6th Cir. 1997)).

To establish a prima facie case of discrimination, Davis must establish (1) she is a member of a protected class; (2) she was subject to an adverse employment action; (3) she was qualified for the position she held; and (4) she was replaced by someone outside her protected class. Id. (citing Kline, 128 F.3d at 342). The only element of the prima facie case that Cumberland Container contests is whether Davis suffered an adverse employment action.[2] (Doc. No. 20 at 10.)

---

[2] In its reply brief, Cumberland Container argues for the first time that Davis also was not "replaced by someone outside her protected class." (Doc. No. 29 at 5.) This is not sufficient because "reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further, the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived." Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008) (quoting Novosteel SA v. United States, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). Even if the Court were to consider Cumberland Container's arguments, it does not have any evidence in the Statement of Undisputed Facts as to Davis' job duties or the male employee who was transferred to work in the print room, so the Court cannot determine if Davis was replaced or if

Davis suffered an adverse employment action because her new position had less opportunities to work overtime hours. Denial of overtime can constitute an adverse employment action. Broska v. Henderson, 70 Fed. Appx. 262, 267 (6th Cir. 2003) (citing Burlington Indus., Inc. v. Elerth, 524 U.S. 742 (1998)). Davis presented evidence that she received approximately $30,000 per year prior to her transfer, even after the economic downturn, and only $26,000 per year after her transfer. This is sufficient to create a genuine issue of fact for a jury to determine whether that $4,000 decrease would have occurred had the transfer not occurred. Accordingly, a reasonable jury could find that Davis has proven a prima facie case of discrimination.

If Davis proves a prima facie case of discrimination, the burden shifts to Cumberland Container to allege a legitimate, nondiscriminatory reason for its transfer. Grosjean, 349 F.3d at 335 (quoting Kline, 128 F.3d at 349). Here, Cumberland Container asserts that it transferred Davis because she was not willing to take on the additional duties of the consolidated job. (Doc. No. 20 at 13.) Therefore, the burden shifts to Davis to prove that Cumberland Container's legitimate, nondiscriminatory reason is pretext for discrimination. Grosjean, 349 F.3d at 335 (quoting Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1083 (6th Cir. 1994)).

Davis can prove that Cumberland Container's proffered reason is pretextual by showing that the reason "(1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 576 (6th Cir. 2003) (en banc). It is disputed whether Cumberland Container ever offered the consolidated job to Davis or whether it just informed her that it was transferring her. Therefore, there is a genuine dispute of material fact as to whether Cumberland

---

her job duties were absorbed by another employee. See Pierson v. Quad/Graphics Printing Corp., 749 F.3d 530, 538 (6th Cir. 2014) (holding that a genuine dispute of fact existed as to whether the employer eliminated a position when another employee absorbed some of the duties to "change the nature of his employment," even when that employee had additional duties to the duties he absorbed).

Container's proffered reason has a basis in fact, and summary judgment is denied on the federal discrimination claims.

B. THRA CLAIM

In the Court's August 18, 2017 Order, the Court directed Davis to address the statute of limitations issue regarding Davis' THRA claims raised by Cumberland Container in prior pleadings. (Doc. No. 31.) Particularly, Cumberland Container argues that Davis' THRA claims are time-barred by the one year statute of limitations in Tennessee Code Annotated § 4-21-311(d). (Doc. No. 39.) Davis argues that her THRA claim is not time-barred because she received discriminatory paychecks will less overtime pay since November 30, 2014, and her working conditions in the Assembly and Label Department are not safe. (Doc. No. 37 at 2-3.)

Tennessee has imposed a one-year statute of limitations to file a civil cause of action under the THRA "after the alleged discriminatory practice ceases." TENN. CODE ANN. § 4-21-311(d). "In stating that a claim must be brought within one year of the time a practice 'ceases,' . . . the Legislature incorporated the continuing violation exception into the statute of limitations." Booker v. The Boeing Co., 188 S.W.3d 639, 648 (Tenn. 2006). There are two situations when the continuing violation doctrine applies: (1) "where there is some evidence of present discriminatory activity giving rise to a claim of a continuing violation, for example when an employer continues to presently impose disparate work assignments or pay rates between similarly situated employee groups" and (2) "where there has been a longstanding and demonstrable policy of discrimination such as an established and repeated pattern of paying men more than women." Conner v. City of Jackson, Tenn., 669 F. Supp. 2d 886, 891 (W.D. Tenn. 2009) (Breen, J.) (quoting Booker, 188 S.W.3d at 643). The continuing violation doctrine should be used in cases where the "discriminatory acts cannot be viewed as discrete incidents," but instead when they "unfold rather

than occur, making it difficult to precisely pinpoint the time when they take place." Id. (quoting Booker, 188 S.W.3d at 643). The doctrine does not apply to "discrete incidents" or "individual acts of discrimination," but "when the discriminatory acts take place over time." Id. (quoting Booker, 188 S.W.3d at 643-44).

Here, the discrete act of discrimination is transferring Davis to the assembly and labeling department. The decrease in overtime pay is not a disparate pay rate "between similarly situated employees"—Davis presents no evidence that other employees in the assembly and labeling department are receiving more overtime opportunities than her. Instead, the decrease in overtime is merely a "'consequence[ ]' of the allegedly discriminatory decision" to transfer Davis to the assembly and labeling department. See Cline v. BWXT Y-12, LLC, 521 F.3d 507, 512 (6th Cir. 2008) (holding that failing to hire an employee is not a continuing violation even though the employee did not get to report to work for two years while other employees did) (quoting Booker, 188 S.W.3d at 648). As such, Cumberland Container is entitled to summary judgment on Davis' THRA claim.

IV. CONCLUSION

For the foregoing reasons, Cumberland Container's Motion for Summary Judgment (Doc. No. 19) is **GRANTED IN PART** with respect Davis' THRA claims **and DENIED IN PART** with respect her federal claims. Davis' THRA claims are **DISMISSED WITH PREJUDICE**. This case will proceed to a jury trial on October 17, 2017, and all deadlines contained in the Court's scheduling order (Doc. No. 22) remain in effect.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE